SARA G. ANDERSON AND WILSON G. ANDERSON, RELA-
TORS, v. ESSEX COUNTY BOARD OF TAXATION AND
CITY OF NEWARK. RESPONDENTS.

Submitted February 11, 1939—Decided February 17, 1939.

Before Justice PARKER, sitting alone pursuant to statute.

For the relators, *J. Glenn Anderson.*

For the respondent city of Newark, *James F. X. O'Brien.*

For the respondent Essex County Board of Taxation, *David
T. Wilentz,* attorney-general.

PARKER, J.   The rule to show cause in this case was allowed
on the 14th of January, 1939, returnable on the 28th of the
same month.   It was based upon a petition and affidavits
which have never been filed and the original of which has
been submitted to me as part of the case for consideration
and decision.   The rule to show cause was never filed in the
clerk's office for the purpose of being entered in the minutes
as required by rule 214 of this court, which provides, among
other things, that "all rules, whether granted by the court
or a justice, shall be entered in the minutes within ten days
from the granting of the same, and in default thereof shall
be of no effect."

In the case of *Jersey City* v. *Davis,* 80 *N. J. L.* 609, a similar situation existed in a *mandamus* case and two rules to show cause were ordered quashed because not entered in time. In the later case of *Singer* v. *Juechter,* 2 *N. J. Mis. R.* 714, the Supreme Court relaxed the rule as a matter of grace, and particularly on the ground (page 716) that the rule was filed in ample time but the failure to enter it was apparently that of the clerk. In *Emma* v. *Loggia, &c.,* 6 *Id.* 413, the court relaxed the rule in view of the fact that, if entered, it would have directed the issue of a writ of alternative *mandamus,* and that in fact such writ had issued and was before the court.

There seems to be nothing in the present case to call for a relaxation of the rule. So far as appears, the petition, which should have been filed immediately upon presentation, was never filed, and the rule to show cause based thereon has been held in the office of petitioners' attorney.

The present rule to show cause under the circumstances is simply nugatory and, consequently, requires no judicial action either way; but in order that the situation may be made a matter of record, I am filing the petition and the rule to show cause with this memorandum, and if counsel for the respondents desire to have a formal discharge of the rule on the grounds above indicated, they may present such a rule for signature.

It may do no harm to add that I see no substantial merit in the present application, which is by two independent taxpayers to intervene in a tax litigation between the taxing authority and the parties subjected to the tax. The statute allowed these relators to apply to the county board within a limited time to include omitted property of other parties, but that time expired before their present application to the court, and there seems to be no statutory or other warrant for intervention in any other way.